UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**KATIE HANSEN,**

    Plaintiff,

v.                                                                     Case No. 24-CV-00807

**LABORATORY CORPORATION OF AMERICA**

    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REMAND AND REQUEST TO HOLD DEFENDANT'S MOTION TO DISMISS IN ABEYANCE**

### INTRODUCTION

Plaintiff, Katie Hansen, seeks to remand this matter to the Circuit Court of Milwaukee County in the State of Wisconsin because Defendant has failed to meet its burden of establishing this Court's subject-matter jurisdiction over her claim for short-term disability benefits. Because Defendant has not adequately proven the source of funding for Defendant's Short Term Disability Plan, the Court must presume that the benefits at issue are to be paid from Defendant's general assets and, therefore, are exempt from ERISA as a payroll practice pursuant to 29 C.F.R. § 2510.3-1(b)(2). Defendant has not adequately proven the Court's subject-matter jurisdiction and remand is the appropriate remedy. For this reason, the Court should also hold the Defendant's Motion to Dismiss (ECF No. 6) in abeyance at this time.

### RELEVANT FACTS

Plaintiff Hansen filed a complaint in the Circuit Court for Milwaukee County in the State of Wisconsin on May 28, 2024 alleging that Defendant's failure to pay her short-term disability

benefits violated Wis. Stat. Ch. 109. *See generally* ECF No. 1—1. Plaintiff alleges that she was 1) employed by Defendant, ECF No. 1—1, ¶¶ 1—2; 2) entitled to benefits pursuant to Defendant's short term disability program, ECF No. 1—1, ¶¶ 3—4; and 3) Defendant's failure to pay those benefits violated Wis. Stat. Ch. 109, ECF No. 1—1, ¶¶ 20—21.

Defendant filed a notice of removal in his matter on June 28, 2024. ECF No. 1. Defendant asserts that Plaintiff Hansen's Wisconsin law claim for short-term disability benefits is preempted by the Employee Retirement Income Security Act ("ERISA"). ECF No. 1, ¶¶ 4—12. Defendant's notice of removal provided the 2023 Labcorp Personal Choice Benefits Handbook ("Handbook"), dated January 1, 2023, in support of its position. *See generally* ECF No. 1—2. Defendant's Short Term Disability Plan ("STD Plan") purports to pay non-exempt employees a range of 50 to 80 percent of their earnings for up to 182 days if the employee is "disabled." ECF No. 1—2, p. 53—54. In part, Defendant's STD Plan defines "disabled" to include an employee's inability "to perform one or more of the material duties of [their] regular occupation solely because of disease, injury or pregnancy." ECF No. 1-2, p. 52.

The Handbook states the following regarding the source of funding for the STD Plan:

| Laboratory Corporation of America Holdings Short Term Disability Plan | 510 | Alight | Alight<br>PO Box 6248<br>Broomfield, CO 80021<br>1-844-391-6668 | Self-funded; Labcorp pays all costs |
|---|---|---|---|---|

ECF No. 1—2, p. 83. The Handbook further states that employees will receive "STD benefit payments through regular LabCorp payroll according to your normal payroll cycle." ECF No. 1-2, p. 51.

Defendant subsequently filed a Motion to Dismiss Plaintiff Hansen's complaint for failure to state a claim under ERISA. *See generally* ECF Nos. 6—7.

# ARGUMENT

1. **Legal Standard for Remand.**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal subject-matter jurisdiction exists when a claim arises under federal law." *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (citing 28 U.S.C. § 1331). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (internal citations omitted).

While ERISA generally preempts state law claims relating to employee welfare benefit plans, "the terms 'employee welfare benefit plan' and 'welfare plan' *shall not include*…[p]ayment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons…." 29 C.F.R. § 2510.3-1(b)(2) (emphasis added). Courts have routinely held that "payment of less than normal compensation from an employer's general assets can constitute an employer payroll practice exempt from ERISA." *Ryan v. Prudential Ins. Co. of Am.*, 2006 U.S. Dist. LEXIS 68637, * 14—15 (W.D. Pa. Sept. 12, 2006) (collecting cases, including *Havey v. Tenneco, Inc.*, 2000 U.S. Dist. LEXIS 1694 (N.D. Ill. Feb. 10, 2000)).

"The burden is on the party claiming that an ERISA plan exists to show that the benefit plan is an ERISA plan." *Havey v. Tenneco, Inc.*, 2000 U.S. Dist. LEXIS 1694, *23—24 (N.D. Ill. Feb. 10, 2020) (citing *Zavora v. Paul Revere Life Ins. Co.,* 145 F.2s 1118, 1120 n.2 (9th Cir. 1998) and *Kanne v. Connecticut Gen. Lif. Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988)). In the case of an STD plan alleged to fall under ERISA, the party claiming that the Plan is governed by

ERISA must prove that "the STD plan in funded in a manner other than through [the employer's] general assets." *Id*. at *24. Without that proof, "it must be assumed that the STD benefits are paid out of general assets." *Id.*

   **2. Defendant has failed to meet its burden of proof to establish that Plaintiff's claims are pre-empted by the Employee Retirement Income Security Act ("ERISA").**

In this matter, it is undisputable that Ms. Hansen's claim for short-term disability benefits meets two of the three requirements of ERISA's payroll exemption as set forth in 29 C.F.R. § 2510.3-1(b)(2):

> 1) Defendant's STD Plan purports to pay Ms. Hansen a portion of her normal compensation as a part of its regular payroll practice if she becomes disabled under the Plan; *See* ECF 1—2, pp. 51—54;
>
> 2) Defendant's STD Plan payments are conditioned on Ms. Hansen being physically or mentally unable to perform her duties; ECF No. 1—2, p. 51.

The only issue remaining to determine whether Defendant's STD Plan is exempted from ERISA is the determination of whether the STD Plan's payments come from Defendant's general assets. Defendant has only provided information confirming that it funds the STD Plan's payments and those payments are made through Defendant's normal payroll practices. ECF No. 1—2, pp. 51, 83.

Because Defendant asserts that Ms. Hansen's claim is pre-empted by ERISA, Defendant has the burden of proving that its STD Plan is not an exempt payroll practice. *See Havey*, 2000 U.S. Dist. LEXIS 1694 at *23—24. Defendant has failed to show that the STD Plan at issue is funded in a manner other than from its general assets. As a result, Defendant has failed to establish that Ms. Hansen's claim falls within the scope of ERISA and the Court must presume that the STD Plan is funded through Defendant's general assets and is an exempt payroll practice. *Id.* Defendant

4
Case 2:24-cv-00807-NJ    Filed 07/19/24    Page 4 of 6    Document 10

has failed to establish the Court's subject-matter jurisdiction and this matter must be remanded to the Circuit Court of Milwaukee County in the State of Wisconsin.

3. **The Court should hold Defendant's Motion to Dismiss in abeyance pending resolution of Plaintiff's Motion for Remand.**

Plaintiff also respectfully requests that the Court hold Defendant's Motion to Dismiss (ECF No. 6) in abeyance pending the resolution of Plaintiff Hansen's Motion for Remand. Defendant's Motion to Dismiss is predicated on Defendant's assumption that ERISA is the applicable statutory scheme for resolving this matter. However, as set forth above, Defendant has failed to meet its burden for removal of Plaintiff Hansen's complaint because Defendant has failed to prove that the STD Plan is not a payroll practice exempt from ERISA. If Defendant is unable to do so in response to this motion, Plaintiff's claims must be remanded to state court due to this Court's lack of subject-matter jurisdiction and Defendant's Motion to Dismiss must be denied as moot. As a result, holding Defendant's Motion to Dismiss in abeyance pending the resolution of the issues asserted in Plaintiff Hansen's Motion for Remand is necessary to preserve both the Parties' and the Court's resources and avoid unnecessary motion practice at this time.

## CONCLUSION

For the reasons set forth herein, Defendant has failed to meet its burden necessary to support the removal of Plaintiff Hansen's claims from state court. Absent Defendant's proof that this matter is not an ERISA-exempt payroll practice, the Court must remand this matter to state court due to its lack of subject-matter jurisdiction. In addition, Defendant's Motion to Dismiss should be held in abeyance pending the determination of whether the Court has subject-matter jurisdiction pursuant to ERISA.

Date this 19th day of July 2024.

Respectfully submitted,

**Hawks Quindel, S.C.**
Attorneys for Plaintiff Katie Hansen

By: _s/Timothy P. Maynard_
Timothy P. Maynard, SBN 1080953
Connor J. Clegg, SBN 1118534
Hawks Quindel, S.C.
5150 North Port Washington Road Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: tmaynard@hq-law.com
cclegg@hq-law.com